IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA

v.

JAMES HENKEL,

Defendant.

Case No.: 14-cr-00115-jdp

---

ORDER

---

On November 12, 2014, an information was filed in this case charging the defendant, James Henkel, with knowingly making a false statement in connection with a small business loan, for the purpose of influencing the First National Community Bank, New Richmond, Wisconsin, in violation of Title 18, United States Code, Sections 1014 and 2. The underlying loan was for the purchase of the defendant's auto parts business by Jeffrey Kohler.

The defendant pleaded guilty to this charge on December 9, 2014. As part of the defendant's plea agreement, he and the United States agreed that $568,496.57 was the total restitution for all losses relating to the offense of conviction, and all losses covered by the same course of conduct or common scheme of plan as the offense of conviction. The parties further agreed that the defendant had paid restitution in full. (The bulk of the already-paid restitution went to the First National Community Bank, New Richmond, Wisconsin, while the remainder went to the bankruptcy estate of Jeffrey Kohler, the buyer of the defendant's business. Specifically, the defendant paid

restitution to First National Community Bank, New Richmond, Wisconsin in the amount of $532,690.39. The defendant paid a total of $110,806.18 to Mr. Kohler, which includes $75,000 paid by the defendant to Mr. Kohler's bankruptcy estate to settle a civil lawsuit filed by Mr. Kohler against the defendant related to the purchase of this same business.)

On March 4, 2015, I sentenced the defendant to 12 months and one day in prison, followed by one year of supervised release. I also ordered the defendant to pay a $25,000 fine. Because Mr. Kohler claimed that he was entitled to additional restitution from the defendant, I scheduled a separate restitution hearing for March 25, 2015, to determine whether he was in fact entitled to any additional restitution.

Prior to the restitution hearing, the United States submitted a brief setting forth the losses claimed by Mr. Kohler and analyzing which of those losses the United States believed compensable as restitution. The United States calculated that Mr. Kohler was entitled to total restitution in the amount of $89,168 and that Mr. Kohler had been fully compensated by the restitution that the defendant already paid. At the hearing, with both parties and Mr. Kohler present, I agreed with the parties that $89,168 is the full amount of restitution to which Mr. Kohler was entitled. The question left for further briefing was how much credit Mr. Henkel should get for the $75,000 civil settlement he paid to Mr. Kohler (through Mr. Kohler's bankruptcy estate) in the related civil lawsuit that Mr. Kohler filed against Mr. Henkel.

The defendant then submitted a brief arguing that pursuant to Title 18, United States Code, Section 3664(j)(2), Mr. Henkel should be credited with the entire $75,000

2

he paid to Mr. Kohler as compensatory damages for the same loss as in this criminal case. The defendant further argued that if given full credit for the civil settlement, he had actually paid restitution to Mr. Kohler in excess of what Mr. Kohler was actually entitled. The United States filed a letter indicating that it agreed with that conclusion.

After reviewing the documents submitted by Mr. Kohler, hearing the arguments of the parties and reviewing the briefs submitted, I find that the entire $75,000 paid by the defendant to Mr. Kohler's bankruptcy estate to settle the civil lawsuit represented compensatory damages within the meaning of 18 U.S.C. § 3664(j)(2). Accordingly, there is no additional restitution owed in this case. I further find that any amount that Mr. Kohler received in excess of what he would have been entitled was agreed to by the parties in the plea agreement.

IT IS ORDERED that as to the one-count information, restitution is ordered in the amount of $532,690.39 to the First National Community Bank of New Richmond, and $89,168 to Jeffrey Kohler. The restitution order to Mr. Kohler is to be reduced by $75,000 paid to him as compensatory damages in his related civil case. Accordingly, the total restitution order is $546,858.39.

IT IS FURTHER ORDERED that restitution has been paid in full by the defendant and no further restitution is due.

Entered this 7TH day of May 2015.

BY THE COURT:

*James D. Peterson*

JAMES D. PETERSON
U.S. District Court Judge